UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| DOUGLAS ROSE, | Case No.: 3:24-cv-00279-MMD-CLB |
| --- | --- |
| Plaintiff, | |
| v. | **ORDER** |
| STATE OF NEVADA, et al., | [ECF Nos. 4, 5] |
| Defendants. | |

On July 1, 2024, pro se plaintiff Douglas Rose, an inmate in the custody of the Nevada Department of Corrections ("NDOC") who is housed at Northern Nevada Correctional Center ("NNCC"), submitted a civil-rights complaint under 42 U.S.C. § 1983, a motion for the appointment of counsel, and an application to proceed *in forma pauperis* ("IFP") for an inmate at NNCC. (ECF Nos. 1-2, 1-3, 1). One day later, Rose filed motions to conduct early discovery and for service upon the defendants using the U.S. Marshals Service. (ECF Nos. 4, 5).

As the Court explained in the advisory letter that it sent Rose when he initiated this action, "[t]he Court will review your complaint before docketing and service of defendants." (ECF No. 3 at 1). Review means that the Court will "screen" the complaint under 28 U.S.C. § 1915A "to identify any 'colorable claims'" and dismiss any claims that are frivolous, malicious, or fail to state a colorable claim for relief or seek monetary damages from any defendant who is immune from that relief. (*Id.*) "This process may take many months." (*Id.*) The letter reiterated that "the Court will order service upon defendants when it is time to do so." (*Id.* at 3).

The Court has not yet screened Rose's complaint, and Rose has not demonstrated that he needs expedited discovery for any matter that is currently before the Court. The Court has ordered the NDOC to submit the financial documents necessary to complete Rose's IFP application. (ECF No. 2). Once Rose's IFP application is complete, the Court will screen his complaint in the ordinary course. The Court will order service on the

defendants when it is time to do so. And the Court will issue a scheduling order about discovery and related matters when it is time to do so.

Rose is warned that filing excessive motions on issues that are not procedurally applicable to the litigation at this time does not *increase* the speed in which the Court is able to proceed with this case. The Court has a heavy docket and Rose's case is just one of hundreds before the Court. Rose's excessive filings only *slow* the pace of this litigation by requiring the Court's attention and consideration of small and secondary matters instead of the central issues in this case.

It is therefore ordered that Rose's motions for early discovery and service on the defendants (ECF Nos. 4, 5) are denied.

DATED THIS 3rd day of July 2024.

_____
UNITED STATES MAGISTRATE JUDGE